IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| MARTHA BAILEY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;<br><br>Plaintiff,<br><br>vs.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC.,<br><br>Defendant, | 2:21-CV-00503-MJH |

OPINION

Plaintiff, Martha Bailey, Individually and Behalf of All Others Similarly Situated, brings the within putative class action against Defendant, Ulta Salon, Cosmetics & Fragrance, Inc., for claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL 73 P.S. §§ 201-1 *et seq*.).  (ECF No. 1-1). Ms. Bailey moved to remand the case to the Allegheny Court of Common Pleas. (ECF Nos. 2 and 3).  The matter is now ripe for consideration.

Upon consideration of Ulta's Notice of Removal (ECF No. 1), Ms. Bailey's Complaint (ECF No. 1-2), Ms. Bailey's Motion to Remand to State Court (ECF No. 2), the respective briefs of the parties (ECF Nos. 3, 12, and 15), and for the following reasons, Ms. Bailey's Motion to Remand to State Court will be granted.

I. Background

Ms. Bailey brought a putative class action in the Allegheny County Court of Common Pleas alleging Ulta violated the UTPCPL by collecting sales tax on its sales of protective face masks.  (ECF No. 1-2).  As of April 23, 2020, the Pennsylvania Department of Revenue advised that protective face masks would be exempt from Pennsylvania sales tax.  *Id*. at ¶ 34. Ms. Bailey

avers that on October 17, 2020, she purchased two protective face masks at Ulta. *Id*. at ¶ 47. Ulta charged $5.30 for the masks which included $5.00 for the masks and $0.30 for the 6% sales tax. *Id*. at ¶¶ 48-50. In addition to Ms. Bailey's October 17, 2020 purchase, Ulta allegedly charged sales tax on approximately 25,000 transactions of face masks in Pennsylvania during the relevant time period. *Id*. at ¶ 60. Therefore, Ms. Bailey alleges that Ulta's conduct of charging sales tax on otherwise exempt items constitutes unfair methods of competition and unfair or deceptive acts or practices under the UTPCPL. *Id*. at ¶ 69.

For Ulta's alleged violation of the UTPCPL, Ms. Bailey, and on behalf of those similarly situated, avers that she and the putative class members are entitled to one hundred dollars ($100) per violation, along with reasonable costs and attorneys' fees and such additional relief the Court deems necessary and proper. *Id*. at ¶ 71.

On April 15, 2021, Ulta filed a Notice of Removal maintaining that this Court has jurisdiction over Ms. Bailey and the putative class under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005). (ECF No. 1 at ¶ 14). CAFA grants federal courts diversity jurisdiction over putative class actions that were commenced on or after its effective date of February 18, 2005, and that have minimal diversity, 100 or more class members, and an aggregate amount in controversy over $5,000,000. *See* 28 U.S.C. § 1332 note; §§ 1132(d)(2)(A), (d)(5)(B), (d)(6).

In her Motion for Remand, Ms. Bailey contends that 1) CAFA Jurisdiction does not exist because the amount in controversy does not exceed $5,000,000; 2) The Court should remand under the Tax Injunction Act; and/or 3) The Court should reject jurisdiction under principles of comity.

II.     Standard of Review

Under 28 U.S.C. § 1441, a defendant may remove an action brought in state court to federal district court when the claims fall within the federal court's original jurisdiction. *See* 28 U.S.C. § 1441(a). A plaintiff may challenge removal for lack of jurisdiction by moving to remand the matter to state court. *See id.* § 1447(c). Such motions may be filed at any time before final judgment is entered. *Id.* If the district court indeed lacks subject matter jurisdiction, it must remand to the state court from which the action was removed. *Id.* As the party asserting jurisdiction, defendants bear the burden of proving that the matter is properly before the federal court. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citations omitted); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (same).

III.    Discussion

Ms. Bailey contends that this Court cannot maintain CAFA jurisdiction because the amount in controversy does not exceed $5,000,000. Specifically, she argues that the parties do not dispute that Ulta charged sales tax for approximately 25,000 face mask transactions. Therefore, under the statutory available damages of $100 per violation, Ms. Bailey asserts that the maximum amount of statutory damages available totals $2,500,000. When added to an award of attorneys' fees of thirty percent,[1] the maximum UTPCPL award for Ms. Bailey and a putative class is between $2,500,000 and $3,250,000. Ulta argues that, because the UTPCPL provides for treble damages, the award for statutory damages could exceed $7,500,000. Thus, Ulta maintains that requisite amount in controversy under CAFA is met. In response, Ms. Bailey contends that Ulta misreads the language of the UTPCPL, because the statute only provides for treble damages of the actual damages sustained and not for the $100 per violation provisions.

---

[1] *See Frederico v. Home Depot,* 507 F.3d 188, 199 (3d Cir. 2007)

3

Under CAFA, a defendant may remove a class action to a federal district court so long as the action satisfies the statute's special diversity and procedural requirements. Specifically, federal district courts have original jurisdiction over such cases when (1) there are at least 100 members of the class; (2) there is minimal diversity, i.e., any member of the class of plaintiffs is a citizen of a different state from any defendant; and (3) the amount in controversy, as aggregated across all individual claims, exceeds the sum or value of $5 million (exclusive of interest and costs). 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B), (d)(6). Ms. Bailey's Complaint does not state an aggregate amount in controversy.

The United States Supreme Court has explained that "[w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). To that end, "the notice of removal need include only a plausible allegation that the amount in controversy" is satisfied. *Id*. at 89 (citing 28 U.S.C. § 1446(a)). "The defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 87.

In a case where the plaintiff contests the defendant's allegation, however, " '[r]emoval ... is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id*. (quoting 28 U.S.C. § 1446(c)(2)(B)). The Third Circuit Court of Appeals has interpreted preponderance of evidence in this context as "proof to a reasonable probability that jurisdiction exists." *Frederico v. Home Depot*, 507 F.3d 188, 195 n.6 (3d Cir. 2007) (quoting *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993)).

Here, the question of amount in controversy centers on whether or not a statutory award of $2,500,000, based upon a $100 per violation for up to 25,000 face mask transactions, could be

trebled under the UTPCPL. If it can, then Ulta is correct that the amount in controversy exceeds $5,000,000.00, and CAFA jurisdiction exists. However, a reading of the pertinent language of the UTPCPL suggests otherwise. The UTPCPL provides as follows:

> (a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3[1] of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. **The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper.** The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

73 P.S. § 201-9.2 (emphasis added). Courts have interpreted this section, and this Court agrees, that, under the plain reading of the statute, only actual damages sustained by a plaintiff may be trebled. *See Lesoon v. Metro. Life Ins. Co.*, 898 A.2d 620, 626 (Pa. Super. 2006); *Dukes v. Firstrust Bank* (*In re Dukes*), No. 91-15339-DWS, 1998 Bankr. LEXIS 287, at *20 n.17 (Bankr. E.D. Pa. Feb. 19, 1998); *Barker v. Altegra Credit Co.* (*In re Barker*), 251 B.R. 250, 265 (Bankr. E.D. Pa. 2000); *Metz v. Quaker Highlands*, 714 A.2d 447, 449 (Pa. Super. 1998); *In re Wylie*, No. 90-13613-S, 1991 U.S. Dist. LEXIS 3700, at *14 (E.D. Pa. Mar. 22, 1991); *Carrick v. Sears, Roebuck & Co.*, 252 F. Supp. 2d 116 (M.D. Pa. 2003)). Here, the damages that could be trebled under the UTPCPL are the actual damages sustained, namely the incorrectly collected sales tax. Taking Ms. Bailey's allegations as an exemplar for the putative class, her alleged actual damages totaled $0.30. Therefore, even if actual damages were trebled for the 25,000 similar transactions, said damages would total $22,500.00. When the treble damages ($22,500) are added to anticipated statutory damages of $100 per violation ($2,500,000), and estimated attorney's fees ($750,000) are added, the total alleged and available UTPCPL damages fall short of the $5,000,000 threshold required under CAFA. Therefore, this Court cannot maintain jurisdiction

under CAFA. In that CAFA jurisdiction was the sole basis for Ulta's removal, Ms. Bailey's Motion for Remand to the Allegheny County Court of Common Pleas will be granted.

IV. Conclusion

After consideration of Ulta's Notice of Removal (ECF No. 1), Ms. Bailey's Complaint (ECF No. 1-2), Ms. Bailey's Motion to Remand to State Court (ECF No. 2), the respective briefs of the parties (ECF Nos. 3, 12, and 15), and for the foregoing reasons, Ms. Bailey's Motion to Remand to State Court will be granted. Ms. Bailey's Complaint will be remanded to the Allegheny County Court of Common Pleas. A separate order shall follow.

DATED this 10th day of May, 2021.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge